U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| CHRISTOPHER J. CHRISTIE<br>United States Attorney<br><br>JASON M. RICHARDSON<br>Assistant U.S. Attorney | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    856/757-5026<br>401 Market Street, 4th Floor                                              Fax: 856/968-4917<br>Post Office Box 2098                                                 Direct Dial: 856/968-4869<br>Camden, New Jersey 08101 |

April 5, 2006

Carl J. Herman, Esquire
443 Northfield Avenue
West Orange, New Jersey 07052

      Re:     <u>Plea Agreement with Melissa Ramlakhan</u>     05-888-04 (FLW)

Dear Mr. Herman:

      This letter sets forth the plea agreement between your client, Melissa Ramlakhan, and the United States Attorney for the District of New Jersey ("this Office").

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Melissa Ramlakhan to a two-count Superseding Information, Criminal No. 05-888 (FLW). <u>Count 1</u> of the Superseding Information charges Melissa Ramlakhan with conspiring between January 1999 and December 2005, in the District of New Jersey and elsewhere to persuade, induce, entice, and coerce individuals to travel in interstate and foreign commerce, to engage in prostitution, or in any sexual activity, contrary to Title 18 United States Code, Section 2422(a), in violation of Title 18 United States Code, Section 371. <u>Count 2</u> charges Melissa Ramlakhan with conspiracy to commit money laundering contrary to 18 U.S.C. § 1956, in violation of 18 U.S.C. § 1956(h). If Melissa Ramlakhan enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Melissa Ramlakhan for involvement in Matthew Thompkins' minor and adult prostitution and money laundering enterprise from in or about January 1999 to December 2005. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Melissa Ramlakhan may be commenced against her, notwithstanding the expiration of the limitations period after Melissa Ramlakhan signs the agreement. Melissa Ramlakhan agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Melissa Ramlakhan signs the agreement.

Sentencing

      The violation of 18 U.S.C. § 371 in <u>Count 1</u> to which Melissa Ramlakhan agrees to plead guilty carries a statutory maximum prison sentence of 5 years, and a statutory maximum fine

equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The violation of 18 U.S.C. § 1956(h) in Count 2 to which Melissa Ramlakhan agrees to plead guilty carries a statutory maximum prison term of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Melissa Ramlakhan is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Melissa Ramlakhan ultimately will receive.

Further, in addition to imposing any other penalty on Melissa Ramlakhan, the sentencing judge: (1) will order Melissa Ramlakhan to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Melissa Ramlakhan to pay restitution on Count 1 and will order Melissa Ramlakhan to pay restitution on Count 2 pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Melissa Ramlakhan, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offenses; (4) must order forfeiture, pursuant to 18 U.S.C. §§ 982 and 2253; and (5) pursuant to 18 U.S.C. § 3583, may require Melissa Ramlakhan to serve a term of supervised release of up to three years on Count 1 and three years on Count 2, which will begin at the expiration of any term of imprisonment imposed. Should Melissa Ramlakhan be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Melissa Ramlakhan may be sentenced to not more than 2 years' imprisonment as to Count 1 and not more than 2 years imprisonment as to Count 2 in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

Melissa Ramlakhan agrees to forfeit to the United States pursuant to 18 U.S.C. §§ 982 and 2253 any property, personal or real, that constitutes or was derived from any proceeds she obtained directly or indirectly as a result of her participation in the offenses for which she is pleading guilty. In an effort to assist in this process, Melissa Ramlakhan agrees to provide a complete written accounting of all assets, funds, property and/or trusts owned or controlled by her within three weeks from the date that her guilty plea is entered before the Court.

Melissa Ramlakhan agrees to forfeit and abandon to the United States all property utilized in or derived from his offense including, but not limited to: 16 Tall Tulip Lane, Yonkers, New York; 719 2nd Avenue, Galloway Township, New Jersey 08205; 2003 Land Rover RRV, VIN# SALMB11423A105441; and 2000 Mercedes Benz 500, VIN# WDBPJ75J4YA007429.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Melissa Ramlakhan by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Melissa Ramlakhan's activities and relevant conduct with respect to this case.

Stipulations

This Office and Melissa Ramlakhan agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Melissa Ramlakhan from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Melissa Ramlakhan waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Melissa Ramlakhan. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Melissa Ramlakhan.

## No Other Promises

This agreement constitutes the plea agreement between Melissa Ramlakhan and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: JASON M. RICHARDSON
Assistant U.S. Attorney
SHERRI A. STEPHAN
Trial Attorney, Child Exploitation
  and Obscenity Section
U.S. Department of Justice

APPROVED:

WILLIAM E. FITZPATRICK
Deputy U.S. Attorney

- 4 -

I have received this letter from my attorney, Carl Herman, Esquire, I have read it. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____   Date: 4-14-06
MELISSA RAMLAKHAN

_____   Date: 4/14/06
CARL HERMAN, Esquire

## Plea Agreement With Melissa Ramlakhan

### Schedule A

1. This Office and Melissa Ramlakhan recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Melissa Ramlakhan nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Melissa Ramlakhan within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Melissa Ramlakhan further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

### COUNT 1

2. The version of the United States Sentencing Guidelines effective November 1, 2005 applies in this case. The applicable guideline is U.S.S.G §§ 2X1.1(conspiracy) and 2G1.1 (transportation in interstate commerce for the purposes of prostitution), as set forth below.

3. The applicable guideline is U.S.S.G. § 2G1.1 which carries with it a base offense level of 14.

4. Pursuant to U.S.S.G. § 2G1.1(d)(1), if the relevant conduct of an offense of conviction includes the promotion of prostitution or prohibited sexual conduct in respect to more than one victim, whether specifically cited in the count of conviction or not, each such victim shall be treated as if contained in a separate count of conviction.

   a. A "victim" is means a person transported, persuaded, induced, enticed, or coerced to engage in, or travel for the purpose of engaging in, prostitution or prohibited sexual conduct, whether or not the person consented to the prostitution or prohibited sexual conduct. U.S.S.G. § 2G1.1, Application Note 1.

5. During the course of the conspiracy, the offense involved the transportation of more than six (6) women across state lines for the purposes of prostitution. Pursuant to U.S.S.G. § 2G1.1(d)(1), Chapter Three, Part D (Multiple Counts) shall be applied as if the promoting of prostitution had been contained in a separate count of conviction.

6. During the course of the conspiracy, more than six (6) women were transported across state lines for the purposes of prostitution and each will be treated as a separate count. Each of the six counts have an offense level of 14. Multiple counts involving more than one victim are not grouped together under U.S.S.G. § 3D1.2 (d).

7. These six offenses do not group together pursuant to U.S.S.G. § 3D1.2, and each woman is considered a separate group, for a total of 6 units pursuant to U.S.S.G. § 3D1.4(a).

8. Pursuant to U.S.S.G. § 3D1.4, there are 6 or more units, requiring a 5 level upward adjustment to the group with the highest offense level (i.e., offense level 14) for a total offense level of 19.

9. Therefore the adjusted offense level for Count 1 is 19.

## COUNT 2

10. The offense conduct covered the period from in or about January 1999, through in or about December 2005.

11. The applicable guideline is U.S.S.G. § 2S1.1. This guideline carries a base offense level of 24, which is the applicable guideline level for the conspiracy to transport minors in furtherance of underlying specified unlawful activity, from which the laundered funds were derived. U.S.S.G. § 2S1.1(a)(1).

12. Melissa Ramlakhan was convicted under18 U.S.C. §1956, the offense level is increased by 2 levels. U.S.S.G. § 2S1.1(b)(2)(B).

13. Therefore, the adjusted offense level for Count 2 is 26.

## ALL COUNTS

14. Pursuant to § 3D1.2(c), Count 1 and Count 2 group together for purposes of the Guidelines and shall be grouped together into a single group because one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

15. Pursuant to § 3D1.3(a), the offense level applicable to a group is the offense level for the most serious of the counts comprising the group. Therefore, Melissa Ramlakhan's total offense level is 26.

16. As of the date of this letter, Melissa Ramlakhan has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Melissa Ramlakhan's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

17. Provided Melissa Ramlakhan signs and returns this agreement by **MAY 1, 2006**, and does not later indicate an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial, the government will move the sentencing judge, pursuant to §3E1.1(b), to decrease the offense level by 1 additional level. This stipulation applies if Melissa Ramlakhan's acceptance of responsibility continues through the date of sentencing and the offense level is 16 or greater.

18. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Melissa Ramlakhan is 23 (the "agreed total Guidelines offense level").

19. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 23 is reasonable.

20. Melissa Ramlakhan knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

21. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

22. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past six (6) years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1000 that, within the last six (6) years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States

in accordance with this agreement.

23. The defendant agrees to forfeit all interests in any prostitution and/or money laundering-related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of her offense, including but not limited to the following specific property:

  a. The following real property commonly described as:

    (1) New York: 16 Tall Tulip Lane, Yonkers, New York 10710-2326;
    (2) New Jersey: 719 2nd Avenue, Galloway Township, New Jersey 08205; and
    (3) 3530 Holland Avenue, New York, New York 10467-6020.

  b. The following motor vehicles:

    (1) 2003 Land Rover RRV, VIN# SALMB11423A105441; and
    (2) 2000 Mercedes Benz 500, VIN# WDBPJ75J4YA007429.

  c. Funds on deposit in account number:

    (1) 0000873715 maintained in the name of Matthew D. Thompkins and Melissa Ramlakhan located at the Municipal Credit Union, 2 Lafayette Street, New York, New York; and
    (2) 091-0903300-65 maintained in the name of Matthew D. Thompkins and Melissa Ramlakhan, located at JP Chase Bank, 1 Chase Manhattan Plaza, New York, New York.

Defendant warrants that defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

As part of the plea agreement, the government agrees not to seek forfeiture of 909 East 169 Street, Bronx, New York 10459-1083.

24. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that

the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

25. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or substitute assets for property otherwise subject to forfeiture.